Joseph A. Suozzi, J.
By this article 78 proceeding petitioners seek a judgment (1) annulling the determination, after fair *993 hearings, by the respondent Commissioner of the New York State Department of Social Services that petitioners ’ allowances for work-related expenses under home relief be limited to $60 per month; and (2) declaring section 131-f of the Social Services Law, and section 352.19 of the Bules (18 NYCRR 352.19 [c]), which limit the allowance for work-related expenses in home relief cases to $60 per month, invalid and violative of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.
Petitioners, who are employed, are the recipients of public assistance under the fully State-funded home relief program. Under this program, in addition to their wages they receive a cash allowance to supplement their earnings. This allowance is computed (1) by fixing their monthly needs for maintenance, shelter and fuel from appropriate schedules in accordance with the standard of need prescribed by section 131-a of the Social Services Law, and (2) by deducting therefrom their net earned income, in order to establish, the amount of the budget deficit and the cash grant in aid. The amount of the net earned income is determined by deducting from the recipient’s gross earnings certain work-related expenses. These expenses include (1) all nonpersonal work expenses such as union dues, cost of tools, materials, uniforms and other special clothing; (2) all personal work expenses such as Federal, State and local taxes, group insurance, meals and transportation; and (3) an allowance of $20 per month as a “ special work expense ” for the purpose of meeting additional food, clothing and incidental expenses. (18 NYCRR 352.19 [a] and [b].) In the case of each of the petitioners herein, these work-related expenses exceeded $60 per month, and, in computing the cash grants allowed to petitioners, these expenses were totally deducted from their gross earnings.
By section 2 of chapter 946 of the Laws of 1971, the Legislature included in section 131-f of the Social Services Law the fol-lowing provision: ‘1 Whenever any applicant for or recipient of public assistance is employed, provision may be made for allowing appropriate amounts from his earnings for expenses necessary and incident to his employment, but in no case shall such allowance exceed sixty dollars per month unless required by federal law or regulation.” To implement this statute, section 352.19 of the rules (18 NYCRR 352.19 [c]) was promulgated by the State Commissioner of Social Services. This subdivision provides as follows: “ Notwithstanding the provisions contained in subdivisions (a) and (b) above [these provisions set forth the allowable expenses], an allowance for all personal, non- *994 personal and special work expenses necessary and incidental to employment shall in no case exceed $60 per month for an applicant or recipient of home relief.”
After the passage of this regulation the respondent Commissioner of Nassau County Department of Social Services recomputed the petitioners’ cash grants in accordance therewith. As a result of limiting their work-related expenses to $60 per month, the cash grants in aid were significantly reduced. These local determinations were upheld after the required fair hearings by the respondent New York State Commissioner of Social Services.
The sole issue in this proceeding is the validity of the statute and regulation which limit the deduction for work-related expenses to $60 per month. Since the fair hearing transcripts do not raise any question of fact, only questions of law are presented. Inasmuch as the home relief program is completely State funded and no Federal grants are involved, no issue of Federal supremacy is presented.
In seeking the annulment of the determination herein and a declaration of the regulation as invalid, the petitioners urge that the $60 maximum limitation as to work-related expenses (1) fails to take into account that income which is spent on work-related expenses in excess of the $60 maximum allowance is deducted from their budget needs even though not actually available to meet the family’s needs; (2) is without statistical basis to reflect a fair averaging; (3) thwarts the legislative purpose of providing an incentive to self-sufficiency; and (4) violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution because the limitation works an invidious discrimination between home relief recipients who are employed and those who receive home relief and are not employed.
As to the first of the grounds advanced by the petitioners, it must be pointed out that work-related expenses, which include union dues, cost of tools, materials and uniforms, license fees, group insurance, meals and transportation, do benefit the family, albeit indirectly. Work-related expenses help to produce the wage earner’s income; they feed and clothe him to the extent of his lunches and work clothes; they provide a measure of insurance protection for the family; and where public transportation is not available, they help to defray the expenses of a family car.
By their second objection the petitioners urge that the respondents be required by judicial decree to determine a fair average of work-related expenses and disallow all in excess of *995 the average. Such a determination is a difficult one to make, and would itself invite substantial controversy as to the validity of the procedures followed to make such a determination. At the same time it would effectively substitute the judgment of the judicial and executive branches of government for that of the Legislature. Once mandated, the executive branch can only administer the program within the standards and limitations imposed by law. The court’s role is not to agree or disagree with the Legislature’s conclusions. “ New York is, of course, in no way prohibited from using only state funds according to whatever plan it chooses, providing it violates no provision of the Constitution.” (Rosado v. Wyman, 397 U. S. 397, 420 [1970].)
By their claim, that the limitation as to work-related expenses thwarts the legislative purpose of providing an incentive to self-sufficiency, the petitioners are in effect arguing that they would be better off not working. This ground is without merit since it presupposes a constitutional right by those who are able to be gainfully employed to receive public assistance. There clearly is no such right, as there is no constitutional requirement for the payment of work-related expenses. As the petitioners themselves agree in a footnote to their memorandum of law, section 385.7 of the rules (18 NYCBB 385.7 [a] [ii]) allows a denial of assistance for 75 days after voluntary termination of employment.
Implicit in the attainment of self-sufficiency by the employed is the payment of one’s own work-related expenses, which are incidental to any employment. Petitioners compare themselves with other recipients of assistance. However, an equally valid comparison must be made with those employed persons who work along with the petitioners and do not receive any subsidization of their work-related expenses. They labor under the same pressure to keep their work-related expenses to the minimum, and their spendable income is similarly reduced by these expenses.
The petitioners cannot sustain their challenge by the equal protection argument that the $60 limitation works an invidious discrimination between employed home relief recipients and others receiving public assistance. Clearly, ‘ ‘ A State * * * may not, of course, impose a regime of invidious discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment.” (Dandridge v. Williams, 397 U. S. 471, 483). However, if the imperfect classifications made by a State’s law have some reasonable bases, the Constitution is not offended *996 because the classifications are not made with mathematical nicety or because in practice some inequality results. The Equal Protection Clause imposes a standard of rationality of classification (Dandridge v. Williams, supra, p. 485).
The court sees little difference between the limitations placed upon the amount of public assistance payable by the State of Maryland in Dandridge v. Williams (supra) and the limitation placed upon the amount of work-related expenses deductible by home relief recipients in the State of New York.
The distinctions in the Social Services Law between employed welfare families, wholly dependent welfare families, and wage-earner supported families, are supported by rational standards. The upward mobile potential of employed home relief recipients, the value of self-sufficiency and the encouragement of economically efficient employment are all legitimate State interests and support, rationally, the distinctions made between classes of welfare families. Imperfect though the New York home relief program may be, the Equal Protection Clause does not require that a State must choose between attacking every aspect of a problem or not attacking the problem at all. A Legislature may address a problem one step at a time, or even select one phase of one field and apply a remedy, thus neglecting the others. So long as its judgments are rational and not invidious, the Legislature ’s efforts to tackle the problems of the poor and needy are not subject to a constitutional strait jacket. The very complexity of the problems suggests that there will be more than one constitutionally permissive method of solving them (see Jefferson v. Hackney, 406 U. S. 535; Dandridge v. Williams, 397 U. S. 471, supra).
The wisdom of the method or action taken by a Legislature may be open to question. However, whether an approach taken by the Legislature is the most effective one is not a matter for the court to determine. It involves a question of policy which must be addressed to the Legislature and not to the courts.
For all of the reasons hereinabove set forth, the petition is hereby dismissed.